**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CATHI WILSON, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RAWLE & HENDERSON LLP, | : | NO. 11-4636 |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S.J. November 2, 2011

Defendant Rawle & Henderson LLP has filed the present Motion to Dismiss the First Amended Complaint for Failure to State a Claim or in the Alternative for Summary Judgment. For the following reasons, the Motion is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 30, 2008, Defendant Rawle & Henderson LLP, a law firm, hired Plaintiff Cathi Wilson to work as a legal secretary at its office in Harrisburg, Pennsylvania. (First Am. Compl. ¶ 4.) Plaintiff alleges that she performed her job competently during the course of her employment, and was given a rating of "Fully Effective" on her January 26, 2011 performance evaluation. (Id. ¶ 5.) Thereafter, however, Plaintiff was involved in an unspecified workplace incident during which she purportedly acted unprofessionally. (Id. ¶ 6.) As a result, on June 9, 2011, Defendant gave her a warning and placed her on a thirty-day plan to improve her performance. (Id.)

The following day, June 10, Plaintiff contacted Defendant's office manager to request leave pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"

or "the Act"). (Id. ¶ 7.) Plaintiff alleges that she needed time off from work to address an undisclosed medical condition. (Id. ¶ 18.) On Monday, June 13, Defendant sent a letter to Plaintiff's physician requesting him to complete a "Certification of Health Care Provider for Employee's Serious Health Condition" form. (Id. ¶ 8.) Plaintiff's physician returned the form to Defendant on June 15, confirming that Plaintiff would need FMLA-protected leave from June 10 until July 1. (Id. ¶ 9.)

After requesting additional information from Plaintiff on June 17, Defendant sent her a letter on June 20 informing her that she was eligible for FMLA leave from June 13 until June 30, that she may ultimately be entitled to up to twelve weeks of leave, and that her protection under the Act ensured that she would have a position with Defendant when she returned. (Id. ¶¶ 10-11.) Plaintiff alleges that the information contained in the letter was confirmed by oral assurances from Defendant's agents. (Id. ¶ 12.) On June 29, 2011, however, Defendant sent Plaintiff another letter informing her that she was being terminated as of July 1, 2011. (Id. ¶ 20.) The letter did not provide a reason for her termination, and Defendant subsequently notified the Pennsylvania Department of Labor that Plaintiff had voluntarily quit her job due to health reasons. (Id.)

Plaintiff filed her initial Complaint in this Court on July 22, 2011. Defendant filed a Motion to Dismiss or in the Alternative for Summary Judgment on August 26, 2011. Thereafter, on September 7, 2011, Plaintiff filed the First Amended Complaint. The First Amended Complaint contains one count for "Violation of the FMLA," alleging that Defendant unlawfully terminated Plaintiff and failed to reinstate her to her prior position of employment. (Id. ¶¶ 28-36.) Because the Complaint was amended, Defendant's initial Motion was dismissed as moot on

September 21, 2011. The following day, Defendant filed the present Motion to Dismiss the First Amended Complaint or in the Alternative for Summary Judgment. Plaintiff filed a Response in Opposition on September 28, 2011, and Defendant filed a Letter Reply on October 10, 2011. Finally, Plaintiff sent to the Court her own Letter Reply on October 17, 2011.[1]

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous

[1] Plaintiff's Letter Reply was sent directly to the Court's chambers and to Defendant's counsel without being filed. Therefore, it does not appear on the docket list.

departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. Civ.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Fed. R. Civ. P. 8; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

**B. Motion for Summary Judgment Under Federal Rule of Civil Procedure 56**

When a party who moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) presents matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Summary judgment is proper "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

## III. DISCUSSION

The FMLA entitles an eligible employee to take up to twelve weeks of leave during any twelve-month period when a serious health condition renders the employee unable to perform the functions of his or her position. 29 U.S.C. § 2612(a)(1)(D). An eligible employee is one "who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Excluded from this definition, however, is "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii).

In this case, Plaintiff concedes in her First Amended Complaint that Defendant has fewer than fifty employees within seventy-five miles of its Harrisburg office. (First Am. Compl. ¶ 13.) Therefore, she is not an "eligible employee" within the meaning of the Act. Nevertheless, Plaintiff alleges that because Defendant repeatedly informed her that she was entitled to leave under the Act – and because she detrimentally relied on those assurances – Defendant is barred by the doctrine of equitable estoppel from denying that it is subject to the requirements of the FMLA. (Id. ¶¶ 14-18.)

In its Motion to Dismiss or in the Alternative for Summary Judgment, Defendant sets forth two arguments with respect to equitable estoppel.[2] First, it contends that the doctrine has not previously been applied in this jurisdiction in the context of FMLA claims, and the Court should refrain from doing so here. (Def.'s Mem. Supp. Mot. Dismiss or Summ. J. ("Def.'s Mem.") 19-22.) Second, it argues that even if equitable estoppel applies, Plaintiff's claim must still fail because she has not alleged that she detrimentally relied on Defendant's misrepresentations. (Id. at 22-23.) The Court addresses each argument separately.

**A. Whether the Doctrine of Equitable Estoppel Applies to FMLA Claims**

The doctrine of equitable estoppel is used to prevent "'one party from taking unfair advantage of another when, through false language or conduct, the person to be estopped has induced another person to act in a certain way, with the result that the other person has been injured in some way.'" Prigge v. Sears Holding Corp., No. Civ.A.09-175, 2010 WL 2731589, at *5 n.9 (E.D. Pa. July 9, 2010) (quoting Black's Law Dictionary (8th ed. 2004)). "A party claiming equitable estoppel must establish that a misrepresentation of fact was made, upon which the party detrimentally relied." Sinacole v. iGate Capital, 287 Fed. Appx. 993, 995 (3d Cir. 2008) (citing In re RFE Indus., Inc., 283 F.3d 159, 164 (3d Cir. 2002)).

Plaintiff's First Amended Complaint cites a number of cases from outside this jurisdiction in support of her assertion that the doctrine of equitable estoppel applies to

---

[2] A separate portion of Defendant's Motion is dedicated to the argument that Plaintiff's FMLA claim must fail because she is not an eligible employee under the Act. (Def.'s Mem. Supp. Mot. Dismiss or Summ. J. 1-18.) Because Plaintiff concedes that Defendant has fewer than fifty employees within seventy-five miles of its Harrisburg office, and instead relies on a theory of equitable estoppel to support her claim, the Court does not address this section of Defendant's Motion.

misrepresentations about FMLA eligibility. (First Am. Compl. ¶ 18.) Defendant notes that these opinions are not binding on this Court, and argues that relevant precedent within this jurisdiction warrants against allowing Plaintiff to seek relief under a theory of equitable estoppel. (Def.'s Mem. 19-22.) Defendant therefore moves to dismiss the First Amended Complaint.

The application of equitable estoppel in the context of an FMLA claim has a limited, but instructive, history within the Third Circuit Court of Appeals. First, in Renart v. Chartwells, 122 Fed. Appx. 559 (3d Cir. 2004), the appellant was an employee who took leave from her job before she had worked the requisite twelve months in order to qualify under the FMLA. Id. at 560-61. After she was terminated and brought suit against her employer for violations of New Jersey law, she attempted to amend her complaint to include an equitable estoppel claim. Id. at 561. In affirming the district court's denial of her request for leave to amend, the Third Circuit noted that the appellant had "testified that she took time off only because her supervisor had told her she could, not because she believed she was eligible for family leave or because her supervisor had characterized her leave as such." Id. Because the appellant had not detrimentally relied on any misrepresentation from the appellee concerning her FMLA eligibility, amending the complaint to include an equitable estoppel claim would have been futile. Id.

Next, in Sinacole, 287 Fed. Appx. at 994, the appellant was a woman who worked part-time for the appellee and its subsidiary companies. In November 2000, the appellant submitted the proper paperwork to request FMLA leave for the following April, when she was due to give birth. Id. The appellee did not respond to this request, but the appellant took her leave as planned in April 2011. Id. During her absence, the appellee informed her that she was being terminated. Id. Although the appellant had not worked the requisite number of hours necessary

for FMLA eligibility, she cited the doctrine of equitable estoppel in bringing an FMLA interference claim. Id. at 995. The appellant argued "that her reliance on [the appellee's] silence eliminated her opportunity to either delay leave until she did become eligible under the FMLA, or take a brief, presumably non-FMLA, leave around the time that the baby was born." Id. at 996. The Third Circuit rejected this argument, finding that (1) if the appellant delayed leave until she was eligible, it would have been well after the birth of her child, and so she could no longer avail herself of FMLA leave for that reason, and (2) whether she could have taken non-FMLA leave at the time the baby was born was irrelevant, as it would not have given rise to an FMLA interference claim. Id. In sum, the appellant was unable to demonstrate that she suffered any detriment as a result of her reliance on the appellee's silence.[3]

In addition to these decisions from the Third Circuit, there are also two opinions from this district that are, at best, ambiguous about whether equitable estoppel can be applied to FMLA claims. See Boyd v. City of Phila., No. Civ.A.06-1524, 2007 WL 925908, at *2 (E.D. Pa. Mar. 22, 2007) (rejecting equitable estoppel claim because plaintiff failed to prove that defendant made any misrepresentations regarding her leave); Prigge, 2010 WL 2731589, at *5 n.10 (finding that plaintiff could not "satisfy the elements of equitable estoppel, i.e. that a misrepresentation of fact occurred prior to his leave of absence.")

After reviewing the relevant precedent,[4] the Court finds little authority to support a

---

[3] In rejecting the appellant's FMLA interference claim, the Third Circuit refrained from making "any comment upon the applicability of this equitable estoppel theory to an FMLA discrimination claim." Sinacole, 287 Fed. Appx. at 996 n.5.

[4] The Court notes that Baker v. Hunter Douglas Inc., 270 Fed. Appx. 159 (3d Cir. 2008) and Hofferica v. St. Mary Med. Ctr., No. Civ.A.10-6026, 2011 WL 4374555 (E.D. Pa. Sept. 20, 2011) also involved employees who attempted to enforce their FMLA rights via equitable

categorical prohibition on the use of equitable estoppel in this context. While it is true that none of the employees in the above-referenced cases succeeded on their equitable estoppel claims, their failure resulted from an inability to satisfy the necessary elements, not because the courts were unwilling to consider equitable estoppel as a potentially viable remedy.[5] In short, the consensus seems to be that while it can be difficult for plaintiffs to establish detrimental reliance, equitable estoppel may, in an appropriate factual scenario, provide a means of redress for employees who detrimentally rely on their employers' misrepresentations about FMLA eligibility.

Therefore, at this early stage of the litigation, the Court finds that Plaintiff may proceed with her cause of action. In making this finding, however, the Court emphasizes that a claim for relief under an estoppel theory is not the same as a cause of action under the FMLA itself. See Dobrowski v. Jay Dee Contractors, Inc., 571 F.3d 551, 554 n.2 (6th Cir. 2009) ("Equitable estoppel does not require the court to hold that the FMLA itself allows a theory of eligibility for employees other than those covered by the statute. Instead, the court uses its traditional equitable power to prevent the employer from making an argument that it can be fairly determined to have

---

estoppel. In those cases, however, the aggrieved parties were eligible employees under the Act. See Baker, 270 Fed. Appx. at 161; Hofferica, 2011 WL 4374555 at 5 n.2. As such, these opinions are of limited value in helping the Court decide whether an ineligible employee such as Plaintiff may invoke the doctrine of equitable estoppel.

[5] The only possible exception to this general observation is the Prigge decision. There, the court was skeptical of the plaintiff's argument that equitable estoppel could be used in connection with an FMLA retaliation claim, noting that neither the plaintiff nor the court itself was able to find any authority to support this proposition. See Prigge, 2010 WL 2731589, at *5. The narrow holding in Prigge, however, does not suggest that equitable estoppel may never be used in support of an FMLA claim. Indeed, even in that case, the court ultimately did address the merits of the estoppel claim, concluding that the plaintiff failed to demonstrate detrimental reliance. Id. at *5 n.10.

forfeited based on its behavior toward an employee."). The entire FMLA, with all of its rights and remedies, is not necessarily applicable merely because an otherwise ineligible employee relies upon a misrepresentation made by his or her employer with respect to the Act. Rather, a successful claim for equitable estoppel would provide relief to the employee only to the extent that he or she actually and reasonably relied upon the employer's misrepresentations about FMLA coverage. See, e.g., In re Washington Med. Cntr., Inc., 10 B.R. 616, 624 (Bankr. D.C. 1981) (noting that equitable estoppel "is limited to making whole the person in whose favor the estoppel arises and is not given effect beyond that which is necessary to put the parties in the position they would have been in had the action which created the estoppel never existed.").

**B. Whether Plaintiff has Sufficiently Alleged an Equitable Estoppel Claim**

The First Amended Complaint alleges that Plaintiff was terminated because she had taken a leave of absence from work. (First Am. Compl. ¶ 20.) Plaintiff contends that her decision to take leave was based on assurances from Defendant that she was FMLA-eligible. (Id. ¶ 16.) According to Plaintiff, had she not been misled by Defendant about her eligibility for leave, she could have taken other steps to protect her job, such as returning to work sooner. (Id.) Stated plainly, the detriment Plaintiff experienced – her termination – would not have occurred but for her reliance on Defendant's misrepresentations concerning the FMLA.

Defendant argues that even if the Court concludes that equitable estoppel is a viable theory of recovery, Plaintiff's allegations of detrimental reliance are insufficient. (Def.'s Mem. 22.) Defendant notes that Plaintiff commenced her leave on June 10, 2011, ten days before Defendant informed her via letter that she was covered by the FMLA. (Id.) In addition, Plaintiff's Certification of Health Care Provider ("Certification"), attached to the First Amended

Complaint, states that Plaintiff would not have been able to work until July 1, 2011 at the earliest. (Id. at 22-23.) According to Defendant, this demonstrates that Plaintiff did not rely on Defendant's statements about her eligibility when deciding to take off from work, and that she would have been absent from her job regardless of whether she was misinformed about her FMLA rights. (Id.)

In response, Plaintiff argues that whether or not she could have returned to work prior to July 1 is a question of fact that cannot be resolved before the discovery process has commenced. (Pl.'s Resp. Opp'n 13-14.) The Court agrees. Although the Certification states that Plaintiff was unable to do her job at the time she was on leave, the First Amended Complaint itself alleges that Plaintiff could have continued working by rearranging her treatment. (First Am. Compl. ¶ 16.) While Defendant has astutely identified a possible disconnect between Plaintiff's doctor's account of her disability and Plaintiff's own understanding of her limitations, the Court cannot resolve this apparent contradiction without the benefit of additional evidence that could be obtained during discovery.

There are also questions of fact concerning Plaintiff's ability to show reliance even though her leave commenced before she received Defendant's letter. Although Plaintiff's extended absence began on June 10 and the letter was not sent until June 20, Plaintiff and Defendant had corresponded about her request for FMLA leave prior to that time, and the letter itself states that Plaintiff was eligible under the Act from June 13 until June 30. (See First Am. Compl., Ex. D.) Furthermore, the adverse employment action alleged in this case – Plaintiff's termination – did not occur until after Plaintiff was notified that her leave was protected under the FMLA.

In sum, Defendant's arguments about the extent to which Plaintiff detrimentally relied on the alleged misrepresentations may be viable defenses later in this litigation, but the Court can neither dismiss the case nor grant summary judgment based on the evidence before it at this time. Defendant's Motion to Dismiss or the Alternative for Summary Judgment is therefore denied.

## IV. CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff may rely on the doctrine of equitable estoppel to support a potential claim for violation of the FMLA. To do so, she must demonstrate that she detrimentally relied upon Defendant's misrepresentations about her eligibility under the Act. Because disputed questions of fact pertaining to this issue remain, Defendant's Motion to Dismiss or in the Alternative for Summary Judgment is denied. The Court emphasizes, however, that because Plaintiff is not an eligible employee under the Act and is instead seeking an equitable remedy, any potential relief may be limited as justice requires.

An appropriate Order follows.